IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT DOBRSKI,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | ) | CASE NO. 09-CV-963<br><br>JUDGE BENITA Y. PEARSON<br><br>MAGISTRATE JUDGE McHARGH<br><br>**REPORT & RECOMMENDATION** |

On February 2, 2012, the Honorable Benita Pearson adopted the undersigned's Report and Recommendation, (Doc. 67), ruling on Ford's *Motion to Dismiss Plaintiff's Complaint, or in the alternative*, *Motion for Sanctions*. (Doc. 69). In addition, Judge Pearson granted Ford's request for sanctions and directed the undersigned to conduct a hearing to determine the appropriate sanction to be imposed. (*Id.*) Said hearing was conducted before the undersigned on March 27, 2012 at 2:00 p.m. Plaintiff appeared along with his counsel, Attorney Loren Gordon. Ford was represented by its attorneys, Janette Louard and Lisa Orlando. Prior to the hearing the parties filed a *Joint Stipulation of Facts For Purposes of March 27, 2012 Hearing*. (Doc. 75). No witnesses were called by either side, however, counsel for the parties offered oral argument in support of their respective positions.

After reviewing the facts presented and considering the arguments of counsel, the undersigned concludes that Plaintiff should reimburse Defendant for costs in the amount of four thousand, four hundred, forty-four dollars and ninety cents, ($4,444.90), with at least one

thousand dollars ($1,000.00) payable within fourteen (14) days. The reasons supporting this recommendation are set forth below.

At the hearing, the only remedy sought by Ford was that Plaintiff reimburse it $5,094.90, representing the following costs: 1) payment for both Attorney Lourd's and Attorney Orlando's appearance at the March 4, 2011 Status Conference in the amount of $270.00, respectively $150.00 for Attorney Louard and $120.00 for Attorney Orlando; 2) payment solely for Attorney Orlando's appearance at the May 2, 2011 Status Conference in the amount of $150.00; 3) attorney's fees for both Attorney Louard's and Attorney Orlando's appearance at Plaintiff's deposition conducted on May 19, 2011, in the amount of $2,925.00, respectively $1,625.00 for Attorney Louard and $1,300.00 for Attorney Orlando; 4) $1,421.25, the cost for the transcript of Plaintiff's deposition; and 5) $328.65, the cost to transcribe the voice messages left on Mr. Goff's answering machine.

Ford reported that it was not seeking reimbursement for costs associated with the following: significant amounts of time spent investigating the facts; interviewing witnesses; preparing for hearings; attendance and preparation for the telephone conference held on March 31, 2011; drafting the motions filed in relation to this investigation; issuing subpoenas for phone records; video-tapping Plaintiff's deposition, attorney's fees for consulting with criminal law attorneys regarding issues raised during the course of this investigation; or work performed by Ford's counsel's paralegals.

Counsel for Dobrski argued that the Court should not be influenced by the fact that Ford chose not to seek compensation for all of its expenses. Counsel also challenged Ford's need for two attorneys to be present at the in-person status conferences and for Ford having requested the transcript on an expedited basis.

After reviewing the record and considering the argument of counsel, the undersigned makes the following findings. The hourly rates submitted by Defendant's counsel were not challenged and appear reasonable under the circumstances. Additionally, Ford's decision not to seek all the costs associated with the resolution of this matter was an appropriate exercise of restraint as well as an adequate reflection that it had achieved something less than complete success. Ford's request for payment of its attorney's fees for counsel's attendance at the March 4, 2011 and May 2, 2011 hearings is reasonable. Although Ford seeks payment for the attendance of both Attorneys Louard and Orlando at the March hearing, it has only requested payment for Attorney Orlando's appearance at the May hearing. The hearing in March had great significance because it was during this proceeding that Ford initially presented the Court with its concerns regarding Plaintiff's alleged harassing behavior. It was also at this time that the Court granted Ford's motion to stay the proceedings for thirty (30) days in order to allow it time to investigate these allegations. Thus, the Court finds it was appropriate for both Attorney Louard and Orlando to be present at the March hearing, and to seek reimbursement for such.

In addition, the Court can see no reason why Attorney Louard's fees should not be fully recouped by Ford for her attendance at Plaintiff's deposition. Dobrski's behavior during his deposition, which ultimately required the presence of a judicial officer to ensure its completion, was sufficiently egregious to warrant him bearing all costs associated with Attorney Louard's attendance at this deposition, as requested. However, the Court has reservations about awarding Ford full payment for Attorney Orlando's appearance at the deposition. Ford submitted that Attorney Orlando's appearance was necessary because there was only one week between the time of the deposition and the time in which Ford had to file its corresponding motion, and that due to the amount of work, it was important that Attorney Orlando be present. Though the Court

concedes that there was only a one-week span between the time of Dobrski's deposition and the date in which Ford's brief was due, the undersigned does not find that it was *necessary* for Attorney Orlando to be present at the deposition. Instead, in the Court's opinion, Attorney Louard could have attended the deposition with another of the firm's employees, such as a paralegal. During the time in which the undersigned chaperoned the deposition, it did not appear that Attorney Orlando did much more than assist Attorney Louard with administrative tasks, such as presenting exhibits. Accordingly, Ford will only be awarded $650 for Attorney Orlando's appearance at the deposition, half of the amount Ford seeks.

Plaintiff's request to reduce the amount of relief Ford seeks due Ford's expedited transcript request is not well taken. Ford's need to expeditiously obtain a copy of Plaintiff's deposition transcript was to ensure that it complied with deadlines imposed by the Court, which the Court imposed substantially as the result of Plaintiff's contumacious behavior throughout these proceedings. Dobrski's behavior has been a burden and aggravation for the Court, Ford, and potential witnesses, and has caused several delays in this case. Therefore, the Court declines to reduce the amount that Ford seeks for an expedited transcript given that Dobrski's actions played a substantial role in the underlying reason for the urgent request. Similarly, the fees Ford seeks for the transcript of messages left on Goff's answering machine is proper, and Plaintiff did not contest this portion of Ford's request.

In recommending an appropriate sanction, the Court considered the prejudice suffered by the non-offending party, in addition to the importance of ensuring that the integrity of the court process is preserved. In so doing, the undersigned took Plaintiff's personal circumstances into consideration. Nevertheless, after reviewing the record, the undersigned notes that the facts found in its Report and Recommendation were established to a degree that would satisfy even a

clear and convincing standard of proof. As a result, Ford's efforts in bringing this matter to the Court's attention were ultimately the responsibility of Plaintiff. The sanction recommended represents an effort to balance all these considerations in a manner that will impress upon Plaintiff the need to refrain from all inappropriate contact with potential witnesses and to conduct himself in a manner that will allow this case to proceed to resolution on the merits.

For the foregoing reasons, the undersigned recommends that Plaintiff be ordered to pay Ford a total of four thousand, four hundred, forty-four dollars and ninety cents, ($4,444.90), with at least one thousand dollars ($1,000.00) payable within fourteen (14) days.

The case is now immediately reinstated and dispositive motions must be filed no later than May 29, 2012.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: April 12, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).